IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN EDWARD HILL,
SHAWN P. RYAN,

    Appellants,

    v.

RODOLFO A. CAMACHO,
ILENE LASHINSKY, UNITED STATES TRUSTEE,
REGION 18,

    Appellees.

No. CV 07-710-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Before the court is appellants' appeal of U.S. Bankruptcy Judge Brown's order that Mr. Ryan turn over to the bankruptcy trustee the unearned portion of Mr. Hill's retainer that he holds in his client trust account. On appeal, appellants argue Or. Rev. Stat. § 87.430, Oregon's retaining lien statute, entitles Mr. Ryan to compensation from the unearned portion of Mr. Hill's prepetition retainer for work performed after the case was converted to a Chapter 7 proceeding.

    The issue of this appeal–whether a debtor's Chapter 7 attorney, who is not employed under 11 U.S.C. § 327, can collect postpetition fees by enforcing a state-law attorney's lien against the prepetition retainer that became property of the bankruptcy estate at the time of the

PAGE 1 - OPINION AND ORDER

Chapter 7 filing–sets up a direct competition between federal and state law. As the bankruptcy court noted, that competition begins with the Supreme Court's decision in *Lamie v. United States Trustee*, 540 U.S. 526 (2004). In that case, the court, using a plain language approach, held that after a Chapter 7 conversion, 11 U.S.C. § 330(a)(1) "does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by [11 U.S.C.] § 327." 540 U.S. at 538. Although *Lamie* provides for what some courts have termed a "retainer exception," *id.* at 537, that exception does not apply here.

Appellants concede the unearned portion of Mr. Hill's retainer became property of the estate at the time of the Chapter 7 conversion and that Mr. Ryan was not employed pursuant to § 327. Despite these concessions and the court's decision in *Lamie*, appellants continue to argue state-lien law permits payment for postpetition work from estate funds. I disagree. To apply state-lien law to permit payment of postpetition fees from estate funds seriously undermines the Bankruptcy Code and the *Lamie* decision. As a number of courts, including the court below, have explained, "[w]here the Supreme Court has interpreted § 330(a)(1) as preventing payment from the debtor's estate to counsel not appointed under § 327, authorization of such payment on the basis of state law is forbidden by the Supremacy Clause." *Morse v. Ropes & Gray, LLP*, 343 B.R. 376, 383-84 (D. Mass. 2006); *see also Fiegen Law Firm, P.C. v. Fokkena*, 324 B.R. 342, 347 (8th Cir. BAP 2005). The bankruptcy court's decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this  24th  day of July, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 2 - OPINION AND ORDER